## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JAMES L. WAID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-3294 |
| | ) | |
| ATTORNEY GENERAL OF KANSAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

---

## MEMORANDUM AND ORDER

Petitioner James L. Waid was convicted by a jury in Crawford County, Kansas, of aggravated criminal sodomy and of promoting obscenity to a minor, both involving a 12-year-old boy known as N.G. He received a 146-month prison sentence. The Kansas Court of Appeals affirmed his conviction and sentence. *State v. Waid*, No. 90,541, 2004 WL 1489009 (Kan. Ct. App. July 2, 2004).

Mr. Waid then filed a petition for post-conviction relief in district court in Crawford County, Kansas. That petition was denied, and the Kansas Court of Appeals summarily affirmed the district court's decision. *Waid v. State*, No. 97,877, 2007 WL 4298100 (Kan. Ct. App. Dec. 7, 2007).

Mr. Waid has now filed a petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254. (Doc. 1.) For the reasons discussed below, this petition is denied.

**1.     Standards Governing Review Under 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in relevant part at 28 U.S.C. § 2254, governs the court's review.  Under § 2254, as amended by the AEDPA, the court may not issue a writ of habeas corpus with respect to any claim that the state court adjudicated on the merits unless that adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Paragraph (1) governs claims of legal error. *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).  Under that paragraph, a court may issue a writ of habeas corpus only if (a) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (b) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause of paragraph (1), the court may grant habeas relief if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The court may not issue a writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather, the application must have been objectively unreasonable. *Id.* at 409-11.

2

Paragraph (2) of AEDPA's standard governs claims of factual error.  *House*, 527 F.3d at 1015.  In evaluating alleged factual errors, the court must presume the state court's factual findings to be correct unless the petitioner rebuts the "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**2.    Discussion**

Although Mr. Waid's initial § 2254 petition was unclear, the supplement he filed set out four issues for review:  ineffective assistance of counsel; trial court's failure to grant a new trial; the trial court's failure to suppress statements solicited from Mr. Waid in violation of *Miranda*; and the cumulative effect of the alleged errors.

Mr. Waid merely lists these grounds for relief; he does not explain or elaborate on them at all.  As such, the specifics of each argument are not clear—how his attorney was ineffective, for example, or why the trial court erred in not granting a new trial.  But this court will presume that he wishes to assert the same grounds he argued during the state court proceedings because he may not raise new issues for the first time here.  28 U.S.C. § 2254(c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  To the extent he seeks to raise additional claims, those claims would be procedurally defaulted and barred from review.  *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000).

**A.    *Ineffective Assistance of Counsel***

Under the familiar two-part standard, a person alleging ineffective assistance of counsel in violation of the Sixth Amendment must show the following:

(1) trial counsel was deficient, i.e., "counsel's representation fell below an

3

objective standard of reasonableness"; and (2) the deficiency prejudiced his defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Boyle v. McKune*, 544 F.3d 1132, 1137 (10th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  "There is a strong presumption that counsel's performance falls within the wide range of professional assistance; the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 688-89).  A reviewing court must apply "a heavy measure of deference to counsel's judgments" in assessing the reasonableness of a particular decision not to investigate. *Strickland*, 466 U.S. at 691. "[W]here it is shown that a particular decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'" *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002).

Looking to Mr. Waid's state court habeas proceeding for explication of his ineffective assistance claims, the court notes that Mr. Waid identified five grounds for ineffective assistance: (1) that his attorney failed to determine why one of the witnesses against him quit school and moved to a different town; (2) that his attorney failed to ask one of the witnesses about Mr. Waid's lack of teeth; (3) that the attorney did not strike members of the jury panel as he stated he would; (4) that his attorney did not present evidence about the scar on Mr. Waid's stomach; and (5) that his attorney failed to find

4

another possible suspect

The state court dismissed claims (1) and (3) as being "frivolous and irrelevant and without merit to warrant consideration for further review."  Addressing claim (2), about Mr. Waid's teeth, the state court reviewed the trial transcript and found that Mr. Waid himself testified about his lack of teeth and that his attorney "argued the exact point and questioned the veracity of the witness' testimony comparing it to Mr. Waid's testimony" on that issue.

In response to claim (4), about the lack of evidence concerning the scar on Mr. Waid's stomach, the state court examined the trial transcript and concluded that "Mr. Waid's attorney questioned him regarding his abdominal scar and Mr. Waid personally displayed his injury to the jury."  Additionally, the court noted that Mr. Waid's attorney addressed the issue in his closing arguments.

Finally, with respect to claim (5), the state court found Mr. Waid's allegations about another possible suspect to be "overly vague"—Mr. Waid testified only that he overheard someone say they had another suspect, but Mr. Waid could not provide any information about that other possible suspect.  Moreover, the state court cited to testimony from the victim, who gave "detailed testimony specifically identifying [Mr.] Waid as the only possible suspect and as his assailant."  Accordingly, the state court concluded that Mr. Waid's attorney had no obligation to independently investigate the existence of another suspect.

Thus, the state court found no evidence that the performance of Mr. Waid's

attorney was deficient. And even so, the court concluded that Mr. Waid did not establish that but for counsel's alleged errors, the result would have been different.

On appeal, Mr. Waid only raised claims (2) and (4), concerning evidence about his lack of teeth and about his abdominal scar. The remaining ineffective assistance claims are abandoned for purposes of Kansas state court review, *State v. Greever*, 183 P.3d 788, 794 (Kan. 2008), and as such, they are procedurally defaulted and barred from a § 2254 petition, *House*, 527 F.3d at 1029. Thus only claims (2) and (4) are properly before this court, and for those claims, Mr. Waid must demonstrate that the state court's determinations regarding counsel's effectiveness were contrary to or unreasonably applied *Strickland*. *Williams*, 529 U.S. 405-06.

As noted above, as to both claim (2) and claim (4), the state court examined the trial transcript and found that Mr. Waid's attorney had in fact introduced testimony about his teeth and the scar on his stomach. Moreover, the attorney mentioned both issues in his closing argument. Accordingly, the state court found no deficient performance that would satisfy the *Strickland* standard.

Nothing in the state court's evaluation of these two ineffective assistance claims is "contrary to or an unreasonable application" of the *Strickland* standard. Accordingly, Mr. Waid's petition for habeas relief based on ineffective assistance is denied.

### B.    Trial Court's Refusal to Grant New Trial

After the jury returned a guilty verdict, Mr. Waid filed a motion for a new trial, arguing that testimony of one of the witnesses was so incredible and irrelevant that it

should not have been admitted. Specifically, Mr. Waid objected to the testimony of R.C., a young man who claimed to have been victimized by Mr. Waid six years prior to the incident involving N.G. for which Mr. Waid was on trial.

The State had earlier filed a motion to introduce the testimony of R.C. against Mr. Waid. At that time, the trial court held a hearing to evaluate the admissibility of the evidence.

> The district court determined the uncharged prior bad acts alleged by R.C. were sufficiently similar to the acts alleged by N.G. that it was appropriate to allow the testimony to demonstrate modus operandi, plan, and intent. The district court found the following similarities: (1) both the alleged victims came over to Waid's house to spend the night with a young man who was living or staying with Waid at the time, (2) Waid allegedly showed the victims pornography, (3) Waid allegedly abused the visiting young men but not the young man who was living or staying with him, and (4) Waid allegedly performed the same sex act on both of the alleged victims.

*Waid*, 2004 WL 1489009, at *4. The jury was given a limiting instruction prior to R.C.'s testimony and again before deliberation began.

In evaluating Mr. Waid's request for a new trial, the district court held a hearing, finding that R.C.'s testimony was properly admitted under Kansas evidentiary rules and concluding that nothing had been presented that would warrant a new trial.

On appeal, Mr. Waid argued that the district court erred in denying that motion. His argument was not that the district court erred in admitting R.C.'s testimony, but rather that the testimony R.C. gave at trial was so different from what was proffered at the pretrial hearing that the court should have ordered a new trial. Specifically, Mr. Waid argued that after the conclusion of R.C.'s testimony, it became obvious that there

were many weaknesses in R.C.'s story that the State had failed to disclose when it sought the introduction of the evidence.

The appellate court evaluated the differences Mr. Waid identified, but concluded that R.C.'s testimony at trial bore substantial similarity to that proffered by the State beforehand. *Id.* The appellate court also noted that the jury was presented with evidence about R.C.'s credibility and evidence that contradicted the alleged "weaknesses" of his testimony.

Mr. Waid has failed to identify any "clearly established federal law" that the state courts disregarded or applied incorrectly. Moreover, he offers no suggestion that the courts unreasonably evaluated the facts presented. Thus, nothing in the state court's resolution of this issue is grounds for habeas relief.

C.    Miranda *Violation*

Mr. Waid's *Miranda* argument, made initially during his trial and then again on appeal, is that the statements he made in his initial interview at the sheriff's office were obtained in violation of *Miranda* and thus should have been excluded from trial. The trial court conducted a hearing to determine the circumstances surrounding Mr. Waid's statements.

Lieutenant Detective Tracy Faucett of the Crawford County Sheriff's Department testified that she sent a deputy to Mr. Waid's home to tell him she needed to speak with him. Mr. Waid drove himself to the sheriff's department. Detective Faucett testified that she said nothing that would lead Mr. Waid to believe that he was under arrest; in fact,

she told him that he would go home at the conclusion of the interview regardless of what he said.

Detective Faucett testified that she did not give Mr. Waid *Miranda* warnings because she was merely conducting an interview.  She asserted that he was free to leave at any time.  According to Detective Faucett, Mr. Waid did not appear reluctant or hesitant to talk to her.  And at the end of the interview, he left the office and drove himself away.

Based on these facts, the district court concluded that Mr. Waid's statements were not obtained in violation of *Miranda* and as such could be admitted during trial.  The appellate court affirmed that ruling.

*Miranda* warnings are required prior to custodial interrogation.  *Miranda v. Arizona*,  384 U.S. 436, 444 (1966).  "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.*  "Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving of Miranda protection, the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)).  When a person "is not placed under arrest, voluntarily comes to the police station, and is allowed to leave unhindered by police after a brief interview," *Miranda* warnings are not required because

that person is not in custody. *Id.* at 1121.

The facts before the trial court support its conclusion that Mr. Waid was not in custody—he voluntarily drove to the sheriff's department, he was not placed under arrest, and he left at the conclusion of the interview. Accordingly, the state court did not incorrectly apply federal law in allowing Mr. Waid's statements to be admitted during trial.

D.    *Cumulative Error*

The final ground for relief listed in Mr. Waid's petition is that "the cumulative effect of the above mentioned errors deprived Petitioner of a fair trial." Cumulative-error analysis applies only where the record reveals two or more actual errors, and a petitioner is entitled to relief only if the entire trial was so fundamentally unfair as to constitute a violation of his due process rights. *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir. 1997). Here, Mr. Waid has not shown multiple trial errors or that his trial was so fundamentally unfair as to violate due process, and the court therefore denies this basis for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's petition for writ of habeas corpus (doc. 1) is denied.

**IT IS SO ORDERED** this 5th day of June, 2009.

10

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge